UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES O. RIGGS, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10-CV-793 CAS |
| CITY OF OWENSVILLE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter under 42 U.S.C. § 1983 is before the Court on a motion to strike plaintiff's claim for punitive damages against defendants City of Owensville and defendants Robert Rickerd, Scott Griffith, Betty Post Sickendick, Jessica Hoyt and Billy Coello in their official capacities. Plaintiff opposes the motion and it is fully briefed. For the following reasons, the motion to strike will be granted.

**Legal Standard**

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id.

A prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike. 2 James W. Moore, et al., Moore's Federal Practice § 12.37[3] (3rd ed. 2009); see, e.g., Haynes v. BIS

Frucon Eng'g, Inc., 2008 WL 4561462, at *1 (E.D. Mo. Oct. 10, 2008) (striking claim for punitive damages under ERISA, because punitive damages are not available under the statute).

**Discussion**

In the amended complaint, plaintiff alleges that punitive damages should be awarded against all defendants because their conduct was outrageous due to their alleged "evil motive or reckless indifference to the rights of others . . . ." Amended Complaint at ¶ 26. Plaintiff prays for entry of "a judgment for punitive damages for plaintiff against all defendants jointly and severally in the amount of One Million Dollars." Id., prayer for relief, sub-paragraph C.

**I**.

Defendant City of Owensville ("City") asserts that as a municipality it is immune from a claim for punitive damages in an action filed pursuant to 42 U.S.C. § 1983, under the Supreme Court's holding in City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). The City contends the Court should therefore strike the claim for punitive damages against it as impertinent and immaterial under Rule 12(f). Plaintiff responds that the Newport holding is of limited reach and applies only under the facts present therein.

The Supreme Court has clearly held that municipalities are immune from punitive damages under § 1983. Newport, 453 U.S. at 271; see Robinson v. City of St. Charles, Mo., 972 F.2d 974, 978 n.1 (8th Cir. 1992) (citing Newport); Fields v. City of Omaha, 810 F.2d 830, 835 n.3 (8th Cir. 1987) (same). Plaintiff's assertion that the Newport decision's holding is limited and fact-specific is incorrect. Plaintiff's claim for punitive damages against the City is properly stricken because punitive damages are not available against it under § 1983.

**II**.

Plaintiff has sued defendants City of Owensville Chief of Police Robert Rickerd and police officers Scott Griffith, Betty Post Sickendick, Jessica Hoyt and Billy Coello in their individual and official capacities. The defendants assert that an action against a municipal officer in his or her official capacity must be treated as an action against the municipality itself, citing Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 905 (8th Cir. 1999), cert. denied, 528 U.S. 1157 (2000). Because the City is immune from plaintiff's claim for punitive damages, defendants contend they are likewise immune from plaintiff's claim for punitive damages against them in their official capacities.

Plaintiff responds that punitive damages are available against the defendants in their official capacities if their conduct is shown to be motivated by evil motive or intent, or to involve reckless or callous indifference to the federally protected rights of others, citing Smith v. Wade, 461 U.S. 30, 35-36 (1983), and Youren v. Tintic School District, 343 F.3d 1296, 1307 (10th Cir. 2003) ("The fact that municipalities are immune from punitive damages does not, however, mean that individual officials sued in their official capacity are likewise immune.").

The immunity of a municipality under Newport has not been explicitly extended to the municipality's officers sued in their official capacity by the Supreme Court or the Eighth Circuit Court of Appeals, but immunity applies in such an instance. The Supreme Court has instructed that "[a]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal citations omitted). "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." Id.

3

As stated above, a municipality is not liable for punitive damages under § 1983 and is the real party in interest on an official-capacity claim, from which any punitive damages judgment would be collected. There can be no claim for punitive damages against municipal officers in their official capacity because the suit is actually against the municipality and any punitive damage award would be collected from the municipality, which is immune therefrom.

This Court has previously dismissed claims for punitive damages against individual defendants sued in their individual capacities under § 1983, based on Newport. See Hoekstra v City of Arnold, Mo., 2009 WL 259857, at *12 (E.D. Mo. Feb. 3, 2009) (J. Mummert). Numerous other federal courts have reached the same conclusion. See, e.g., Minix v. Canarecci, 597 F.3d 824, 830 (7th Cir. 2010); Hodge v. Glanz, 2010 WL 1486896, at *2 (N.D. Okla. Apr, 13, 2010); Bennett v. Litton, 2008 WL 489319, at *1 (W.D. La. Feb. 20, 2008); Mitros v. Cooke, 170 F.Supp.2d 504, 508 (E.D. Pa. 2001); Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 283 (D. Kan. 1995); Morris v. Crow, 825 F. Supp. 295, 298-99 (M.D. Fla. June 23, 1993); Bourque v. Town of Bow, 736 F. Supp. 398, 407 (D.N.H. 1990).

The cases cited by plaintiff do not compel a different result. The Supreme Court's decision in Smith v. Wade establishes that punitive damages are available against individual public officers in actions under § 1983 upon a finding of reckless indifference or careless disregard, see 461 U.S. 35-36, but it is implicit in the decision that the Court is referring to officers in their individual capacities. See id. at 36 n.5 (discussing Newport's statement that allowing the assessment of punitive damages against an offending official "based on his personal financial resources" protects against recurrent constitutional violations). The Court declines to follow Youren's holding that a municipality's immunity does not extend to its officers, as it is not supported by reasoning or citation to authority and does not appear to have been followed even within the Tenth Circuit. See Fernandez

v. Taos Municipal Schools Bd. of Educ., 403 F.Supp.2d 1040, 1043 (D.N.M. 2005) (dismissing punitive damages claim against individual defendants in their official capacities).

Defendants' motion to strike plaintiff's claim for punitive damages against the individual defendants in their official capacity should therefore be granted.

**Conclusion**

For the foregoing reasons, the Court will grant defendants' motion to strike plaintiff's claims for punitive damages against the City of Owensville, and defendants Robert Rickerd, Scott Griffith, Betty Post Sickendick, Jessica Hoyt and Billy Coello in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Strike Plaintiff's Claim for Punitive Damages Against Defendant City of Owensville and Defendants Robert Rickerd, Scott Griffith, Betty Post Sickendick, Jessica Hoyt and Billy Coello in their Official Capacities is **GRANTED**. [Doc. 18]

**IT IS FURTHER ORDERED** that plaintiff's claims and prayer for punitive damages in the First Amended Complaint against defendant City of Owensville and defendants Robert Rickerd, Scott Griffith, Betty Post Sickendick, Jessica Hoyt and Billy Coello in their official capacities, are **STRICKEN**.

CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this  1st  day of July, 2010.