# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES O. RIGGS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-793 CAS |
| | ) | |
| CITY OF OWENSVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on remaining defendant Ronald Lang's Consent Motion to Continue Deadline for Filing of Dispositive Motions. In the instant motion, the parties seek a three-week extension of the previously-extended dispositive motion deadline based on the illness of one of defendant's two attorneys, and plaintiff's stated desire to take defendant Lang's deposition on March 7, 2011 and obtain the transcript therefrom.

The Case Management Order ("CMO") issued June 24, 2010 established a discovery cutoff date of January 7, 2011, and a dispositive motion deadline of January 21, 2011. The CMO stated that it would "be modified only by leave of Court upon a showing of exceptional circumstances." (Doc. 30 at 1). The defendants jointly moved to continue the mediation deadline in the case from December 31, 2010 to January 31, 2011, because plaintiff had failed to appear for his deposition. The Court granted the motion based on an adequate showing of exceptional circumstances. On January 7, 2011, the defendants jointly moved for a thirty-day continuance of the dispositive motion deadline to February 21, 2011, based on the delayed mediation.[1] The Court granted the motion,

---

[1] All of the defendants except Lang settled with plaintiff at mediation.

again based on an adequate showing of exceptional circumstances. Also on January 7, 2011, plaintiff moved for a thirty-day extension of the discovery cutoff date, with defendants' consent, based on his assertion that "the extent of discovery in this case has turned out to be greater than anticipated," and that his own deposition "had to be rescheduled after the deadline." Pl.'s Mot. to Continue at 1.

The Eighth Circuit has stated that "[i]t is critical to a trial court's power of control over its own docket and its ability to effectively serve all litigants seeking its service that it maintain control over the progress of cases before it, including control over any extensions of time." Biby v. Kansas City Life Ins. Co., 629 F.2d 1289, 1293 (8th Cir.1980); see also Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) (citing Biby, id.).

The Court finds the parties have not shown exceptional circumstances to warrant a further extension of the dispositive motion deadline, which was previously extended for a period in excess of thirty days. The illness of one of defendant Lang's two attorneys should not prevent him from filing a dispositive motion. Further, plaintiff's failure to take defendant Lang's deposition prior to expiration of the February 7, 2011 discovery deadline extension that he obtained exhibits disregard for the Court's orders and a lack of dedication to the prosecution of this case. The Court has other civil and criminal cases set for trial in the months of May, June and July 2011, and the further extension sought by the parties may adversely affect the Court's ability to control its docket.

Nonetheless, the Court will reluctantly grant the parties' joint motion because of its concern that any dispositive motions, and ultimately the trial of this case, could be adversely affected if the defendant's deposition has not been taken. By granting this motion, the Court does not in any way

2

condone or excuse plaintiff's failure to take Lang's deposition in a timely manner under the scheduling orders established in this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Lang's Consent Motion to Continue Deadline for Filing of Dispositive Motions is **GRANTED** as follows: The dispositive motion deadline is extended to **March 18, 2011**, opposition memoranda shall be filed by **April 15, 2011**, and replies shall be filed by **April 28, 2011**.  [Doc. 48]

**IT IS FURTHER ORDERED** that, on the Court's own motion, the discovery deadline is extended to **March 7, 2011**.

**IT IS FURTHER ORDERED** that no further extensions of time will be granted in this case.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  23rd   day of February, 2011.