UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES O. RIGGS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-793 CAS |
| ) | |
| CITY OF OWENSVILLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Ronald Dean Lang's Motion to File His First Amended Answer to Plaintiff's First Amended Complaint to Assert a Claim for Setoff as a Counterclaim and Affirmative Defense, pursuant to Rules 13(e) and 15(a)(2), Federal Rules of Civil Procedure. Plaintiff opposes the motion and it is fully briefed. For the following reasons, the Court will grant the motion.

**Background**

Plaintiff's one-count First Amended Complaint is filed pursuant to 42 U.S.C. §§ 1983 and 1985(3), and alleges that the defendants violated plaintiff's constitutional rights by entering without a warrant into business premises plaintiff had leased, searching those premises, and seizing and removing items of personal property belonging to plaintiff.

In late January 2011, the parties participated in mediation of this matter and plaintiff settled his claims against all of the defendants except defendant Lang. Lang asserts that he received a copy of the Settlement Agreement between plaintiff and the other defendants on April 6, 2011, and learned that plaintiff had settled his claims against those defendants for $100,000. Lang seeks leave to amend his answer to assert as an affirmative defense and a counterclaim that in the event of a

verdict in favor of plaintiff and against him, he is entitled to setoff in the amount of the settlement between plaintiff and the other defendants, pursuant to § 537.060, Missouri Revised Statutes (2000).

Plaintiff opposes the motion for leave to amend on the grounds that (1) defendant Lang has no right of setoff against federal claims based on a state statute, and (2) the motion is untimely because Lang knew of the settlement on January 25, 2011 and did not move to amend until almost three months later.

**Discussion**

In most instances where a party seeks leave to amend his answer after the deadline in the applicable case management order has passed, as here, Federal Rule of Civil Procedure 16(b)'s good-cause standard applies, not the standard of Rule 15(a). See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). The Eighth Circuit has explained the distinction between the two rules:

> Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions "when justice so requires." Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order "shall not be modified except upon a showing of good cause."

Schenk v. Chavis, 259 F. App'x 905, 907 (8th Cir. 2008).

Rule 13(e), also cited by Lang in his motion, states that a "court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Rule 13(e), Fed. R. Civ. P. Although Lang chose to file his motion pursuant to Rule 15(a)(3), the Court may treat it as having been filed under Rule 15(d). See Kennedy Building Assocs. v. CBS Corp., 576 F.3d 872, 880 n.8 (8th Cir. 2009) (noting that while plaintiff did not style its motion under Rule 15, the district court could choose to treat it as such).

Rule 15(d) provides:

2

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Rule 15(d), Fed. R. Civ. P. The Eighth Circuit "has noted that supplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint is filed," and are permitted pursuant to exercise of the district court's discretion. United States ex rel. Kinney v. Stoltz, 327 F.3d 671, 673 n.4 (8th Cir. 2003). Because Lang's proposed amended answer concerns matters that occurred after the original answer was filed, the Court finds it appropriate to treat the motion as having been filed under Rule 15(d).

The Eighth Circuit does not appear to have articulated the standard to be applied to the Court's exercise of discretion concerning a motion for leave to file a supplemental pleading under Rule 15(d), but a leading federal practice treatise states that principles allowing the liberal amendment of pleadings also apply to supplemental pleadings. See 3 James Wm. Moore, et al., Moore's Federal Practice § 15.30 (3d ed. 2010). Most courts use the same standard in deciding whether to grant or deny leave to file a supplemental pleading that is used in deciding whether to grant or deny leave to amend. Id. The Court will therefore apply the leave to amend standard to Lang's motion.

Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing party; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, consideration of these factors weighs in favor of granting defendant Lang leave to file a supplemental answer. The Court does not find that the motion was filed in bad faith or with undue delay. Plaintiff has not asserted that the proposed amendment would be prejudicial, and the Court finds that he would not be prejudicial in the context of this case because the issue presented by the proposed supplemental answer will only come into play if plaintiff obtains a judgment for damages against Lang.

That leaves the question of futility. When a court denies leave to amend "on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure[.]" Cornelia I. Crowell GST Trust v. Possis Medical, Inc, 519 F.3d 778, 781-82 (8th Cir. 2008) (cited case omitted). Plaintiff argues that there is no right to setoff against his federal §§ 1983 and 1985 claims based on the Missouri statute, but the cases he cites are for the separate proposition that there that there is no right to setoff under § 1983, and the availability of setoff in a § 1983 action appears to be an open question in the Eighth Circuit. Based on the briefing currently before the Court, plaintiff has not established as a matter of law that the proposed supplemental answer could not withstand a motion to dismiss under Rule 12(b)(6), so the proposed amendment is not futile. The parties will have the opportunity to fully brief this issue in the event plaintiff obtains a judgment against Lang and Lang files a post-judgment motion asserting a right to setoff.

For these reasons, the Court concludes that defendant Lang's motion for leave to file his first amended answer and counterclaim, construed as a motion for leave to file a supplemental answer and counterclaim, should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Lang's Motion to File His First Amended Answer to Plaintiff's First Amended Complaint to Assert a Claim for Setoff as a Counterclaim and Affirmative Defense, construed as a motion for leave to file a supplemental answer and counterclaim, is **GRANTED**. [Doc. 59]

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to docket defendant Lang's First Amended Answer to Plaintiff's First Amended Complaint, Affirmative Defenses and Counterclaim, which was submitted as an attachment to the motion for leave, as a Supplemental Answer to Plaintiff's First Amended Complaint, Affirmative Defenses and Counterclaim.

　

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of April, 2011.